IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GLENN R.,                                        *
                                                 *
                    Plaintiff,                   *
                                                 *
          vs.                                    *          Civil Action No.   ADC-21-115
                                                 *
KILOLO KIJAKAZI,                                 *
Acting Commissioner,                             *
Social Security Administration                   *
                                                 *
                    Defendant.                   *
                                                 *
          * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On January 13, 2021, Glenn R. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act"). ECF No. 1 ("the Complaint"). Plaintiff and Defendant filed cross-motions for summary judgment (ECF Nos. 13, 14) on August 26, 2021 and October 18, 2021, respectively.[1] Plaintiff responded in opposition. ECF No. 19. After considering the parties' motions and response thereto, the Court finds that no hearing is necessary. Loc.R. 105.6 (D.Md. 2021). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the SSA's decision is AFFIRMED.

## PROCEDURAL HISTORY

On March 13, 2018, Plaintiff filed a Title XVI application for SSI, alleging disability since July 1, 2016. ECF No. 10 at 15. His claim was denied initially on February 21, 2019 and upon

---

[1] On November 30, 2021, this case was assigned to United States Magistrate Judge A. David Copperthite for all proceedings in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302. *See* ECF Nos. 3, 4.

reconsideration on June 28, 2019. *Id.* Subsequently, Plaintiff filed a written request for a hearing, and on June 5, 2020, an Administrative Law Judge ("ALJ") presided over a hearing. *Id.* On August 4, 2020, the ALJ rendered a decision ruling that Plaintiff was not disabled under the Act. *Id.* at 27. Plaintiff requested a review of the ALJ's determination, which the Appeals Council denied on November 19, 2020. *Id.* at 1. Thus, the ALJ's decision became the final decision of the SSA. *See* 20 C.F.R. § 416.1481; *Sims v. Apfel*, 530 U.S. 103, 106–07 (2000). On January 13, 2021, Plaintiff then filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. ECF No. 1.

## STANDARD OF REVIEW

This Court may review the SSA's denial of benefits under 42 U.S.C. § 405(g). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court's review of an SSA decision is deferential: "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). *See Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."). The issue before the reviewing Court is whether the ALJ's finding of nondisability is supported by substantial evidence and based upon current legal standards. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (citations omitted). In a substantial evidence review, the Court does not "reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*,

2

667 F.3d 470, 472 (4th Cir. 2012) (citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the Court must determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that he is under disability within the meaning of the Act. The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R. § 416.905. A claimant shall be determined to be under disability where "his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step sequential evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. § 416.920. *See Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). "If at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 416.920(a)(4)(i). If so, the claimant is not disabled. At step two, the ALJ considers whether the claimant has a "severe medically

3

determinable physical or mental impairment [or combination of impairments]" that is either expected to result in death or to last for a continuous twelve months. 20 C.F.R. § 416.920(a)(4)(ii). If not, the claimant is not disabled. At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. § 416.920(a)(4)(iii). If so, the claimant is considered disabled, regardless of the claimant's age, education, and work experience. *See Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 416.920(a)(4)(iv). Claimant's RFC "is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 416.945(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 416.929(b). Once the claimant makes that threshold showing, the ALJ must then evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* § 416.929(c)(1). At this second stage, the ALJ must consider all of the available evidence, including the claimant's medical history, objective medical evidence, and statements by the claimant. *Id.* § 416.929(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

4

medical evidence. *See generally* SSR 96-7p, 1996 WL 374186 (July 2, 1996). To assess credibility, the ALJ should consider the claimant's daily activities, treatments he has received for his symptoms, medications, and any other factors contributing to functional limitations. *Id.* at *3. However, the ALJ may not "disregard an individual's statements about the intensity, persistence, and limiting effects of symptoms solely because the objective medical evidence does not substantiate them." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95 (4th Cir. 2020) (quoting SSR 16-3p, 2016 WL 1119029, at *5 (Mar. 16, 2016) (citations omitted)). Requiring objective medical evidence to support a claimant's subjective evidence of pain "improperly increase[s] [a claimant's] burden of proof." *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017).

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. § 416.920(a)(4)(iv). If so, the claimant is not disabled. Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. The claimant has the burden of proof during steps one through four of the evaluation. *See Radford*, 734 F.3d at 291. However, at step five, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC, and (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(v). *See Hancock*, 667 F.3d at 472–73. If the claimant can perform other work that exists in significant numbers in the national economy, then he is not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot perform other work, he is disabled.

## ALJ DETERMINATION

The ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since September 13, 2018, the application date. ECF No. 10

at 17. At step two, the ALJ found that Plaintiff had severe impairments of chronic heart failure, asthma, hypertension, chronic obstructive pulmonary disease, ventricular tachycardia, and depression and anxiety. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, Subpt. P, App. 1. *Id.* at 19. The ALJ then determined that Plaintiff had the RFC:

> [T]o perform light work as defined in 20 CFR 416.967(b) except: no ladders[,] ropes[,] or scaffolds. Occasional other postural movements. Limited to only occasional work at hazards and unguarded industrial moving machinery. He cannot work in extreme heat or humidity; he cannot work in an environment with vibration or concentrated pulmonary irritants. He is limited to simple routine tasks.

*Id.* at 21. At step four, the ALJ found that Plaintiff was unable to perform past relevant work. *Id.* at 26. Finally, at step five, the ALJ concluded that there "are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," considering his age, education, work experience, and RFC. *Id.* Thus, the ALJ concluded that Plaintiff was not disabled under the Act. *Id.* at 27.

## DISCUSSION

On appeal, Plaintiff argues that the ALJ did not follow the special technique procedure in 20 C.F.R. § 416.920a[2] because she failed to specify evidence upon which she relied in reaching her conclusion. ECF No. 13-1 at 8, 11. The ALJ employs a "special technique" to evaluate Plaintiff's mental impairments. *See* 20 C.F.R. § 416.920a. The ALJ first "evaluate[s] [Plaintiff's] pertinent symptoms, signs, and laboratory findings to determine whether [Plaintiff] [has] a medically determinable mental impairment(s)." *Id.* § 416.920a(b)(1). Then, she rates "'the degree

---

[2] Plaintiff's brief cites to 20 C.F.R. § 404.1520a, regarding the evaluation of mental impairments in claims for DIB under Title IX. Because Plaintiff's claim was for SSI under Title XVI, the Court will assume that Plaintiff intended to refer to the analogous 20 C.F.R. § 416.920a.

of functional limitation resulting from the impairment(s)' in four broad functional areas." *Chandler v. Comm'r, Soc. Sec. Admin.*, No. SAG-15-1408, 2016 WL 750549, at *2 (D.Md. Feb. 24, 2016) (quoting 20 C.F.R. §§ 416.920a(b)(2), (c)). The ALJ's decision must show "the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s)." 20 C.F.R. § 416.920a(e)(4).

At issue here, Listings 12.04 and 12.06 pertain to mental impairments. The Listings each contain: "(1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, Subpt. P, App. 1, 12.00(A)). Paragraph B provides the functional criteria that "represent the areas of mental functioning a person uses in a work setting," namely the ability to: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, Subpt. P, App. 1, 12.00(A)(2)(b). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that Plaintiff meets the listed impairment. *Rayman*, 2015 WL 6870053, at *2.

The ALJ's evaluation must determine "the extent to which [Plaintiff's] impairment(s) interferes with [his] ability to function independently, appropriately, effectively, and on a sustained basis" and must rate the degree of Plaintiff's limitation in each of the four functional areas. 20 C.F.R. § 416.920a(c) The ALJ uses a five-point scale to rate Plaintiff's degree of limitation: none, mild, moderate, marked, and extreme. 20 C.F.R. § 416.920a(c)(4). "To satisfy the paragraph B criteria, [Plaintiff's] mental disorder must result in 'extreme' limitation of one, or 'marked'

limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, Subpt. P, App. 1, 12.00(A)(2)(b).

Because "[a] necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citations omitted). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Id.* at 295 (citations omitted). *See Fox v. Colvin*, 632 F.App'x. 750, 755–56 (4th Cir. 2015) (holding that the ALJ's conclusory and perfunctory step three analysis necessitated remand). The ALJ's step three conclusions, however, may be supported by the ALJ's analysis at subsequent steps. *See Keene v. Berryhill*, 732 F.App'x 174, 177 (4th Cir. 2018) ("We must read the ALJ's decision as a whole."); *Smith v. Astrue*, 457 F.App'x 326, 328 (4th Cir. 2011) (finding that substantial evidence supported the ALJ's step three finding based on the ALJ's decision as a whole, despite the ALJ's explanation being "cursory"); *Schoofield v. Barnhart*, 220 F.Supp.2d 512, 522 (D.Md. 2002) (explaining remand is not expected where the ALJ included an "equivalent discussion" of the evidence of record "relevant to the Step Three analysis" elsewhere in the opinion).

Here, Plaintiff asserts that the ALJ, contrary to the Court's ruling in *Chandler*, failed to discuss the relevant evidence to support her conclusions for each of the paragraph B functional areas. ECF No. 13-1 at 15. In particular, Plaintiff claims that the ALJ engaged in a "selective discussion of evidence related to Plaintiff's noted limitations from Dr. Rao's evaluation" and "clearly cherry-picked evidence." ECF No. 13-1 at 16. The Court disagrees.

In *Chandler*, the Court remanded in part because "the ALJ simply stated the degree of functional limitation in each area, with no specific citation to the evidence of record or explanation of the reasons for each finding." 2016 WL 750549, at *2. However, unlike the ALJ in *Chandler*, the ALJ here identified evidence in the record to support her conclusions for each of the paragraph B broad areas of functioning. ECF No. 10 at 20. She identified Dr. Rao's evaluation, Plaintiff's self-reports, and Plaintiff's work history. *See id.* (citing to, *inter alia*, Plaintiff's mental status evaluation). The ALJ further discussed Plaintiff's mental impairments and mental status evaluation in her narrative discussion. *Id.* at 23–26. She identified the findings of Dr. Rao's evaluation, including that Plaintiff had normal memory, 3/3 recall, and 0/5 attention, with difficulty spelling five letter words forward. *Id.* at 23. The ALJ also discussed the findings of the state agency psychological consultants. *Id.* at 25. Moreover, the ALJ did not "conflate[] the ALJ's duty to assign weight to the opinions of each medical source with the ALJ's duty to discuss relevant evidence in each of the functional areas," like in *Chandler*. 2016 WL 750549, at *2. First, no such duty exists for claims filed after March 27, 2017. *See* 20 C.F.R. § 416.920c(a). And further, the ALJ here did identify records in her paragraph B analysis. ECF No. 10 at 20.

Plaintiff's argument that the ALJ "clearly cherry-picked evidence," specifically within Dr. Rao's evaluation, is similarly without merit. As discussed above, the ALJ reviewed Dr. Rao's mental status evaluation and findings in making her determination, including those findings that concerned impaired attention and psychomotor behavior. *See* ECF No. 10 at 20–26. This Court does not "reweigh" the evidence or "substitute [its] judgment for that of the ALJ." *Hancock*, 667 F.3d at 472. *See Ladda v. Berryhill*, 749 F.App'x 166, 171 n.3 (4th Cir. 2018) (explaining that while the ALJ "cannot simply cherrypick facts to support a finding of nondisability while ignoring evidence that points to a disability finding," the Court also may not substitute its judgment for the

9

ALJ (citations omitted)). The ALJ limited Plaintiff to simple, routine tasks to "adequately accommodate [his] mental impairments, consistent with the paragraph B analysis." ECF No. 10 at 25. It is unclear to the Court what "alarming" contradictory evidence existed in Dr. Rao's opinion that the ALJ failed to identify. ECF No. 13-1 at 17.

The ALJ here discussed the paragraph B four broad areas of functioning, identified the limitations that existed with each, cited to evidence in the record to support her conclusions—both in her analysis of the paragraph B functional areas and in her narrative discussion, reviewed the opinions of Dr. Rao and the state agency psychological consultants, and included a limitation in the RFC that addressed Plaintiff's paragraph B limitations. The ALJ's decision is thus supported by substantial evidence.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence to support the finding that Plaintiff was "not disabled" within the meaning of the Act. Therefore, based on the foregoing and pursuant to 42 U.S.C. § 405(g), Plaintiff's Motion for Summary Judgment (ECF No. 13) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 14) is GRANTED, and the decision of the SSA is AFFIRMED.

Date: 13 December 2021

A. David Copperthite
United States Magistrate Judge

10